## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-CV-00853-DWD |
| ) | |
| JOHN DOE, *C/O, Menard CC, Badge #6566,* ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Mohammed Abuharba, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Correctional Officer John Doe (possibly named Furlow or Furough, Badge #6566) conducted a shakedown of Plaintiff's cell on September 30, 2019 and removed his mattress. Doe told Plaintiff "you don't need a mat," and walked away. Plaintiff was forced to sleep on a bare metal bunk. He asked the gallery officer and Doe for a mattress, but they denied his requests. After several days of sleeping on a metal bunk, he began experiencing lower

back pain.

Plaintiff went to sick call for back pain on several occasions.  Plaintiff did not receive a mattress until he went to segregation for an unrelated incident on October 11, 2019.  Plaintiff's back pain did resolve on its own and a doctor prescribed physical therapy on October 29, 2019.

## Preliminary Dismissal

Plaintiff's request for a preliminary and permanent injunction ordering the termination of John Doe's employment with IDOC will be dismissed with prejudice as it is not relief that this Court has the authority to grant.

Plaintiff seeks to make a claim against John Doe in both his individual and official capacities.  Because Plaintiff seeks monetary damages, and his request for injunctive relief is being dismissed, any claim(s) will proceed against John Doe only in his individual capacity and the official capacity claim will be dismissed.  *See Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005) (claim for monetary damages must be brought against defendant in his individual capacity only); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:      Eighth    Amendment    unconstitutional    conditions    of

confinement claim against John Doe for depriving Plaintiff of a mattress and forcing him to sleep on a metal bunk.

Count 2:    Fourteenth Amendment deprivation of property claim against John Doe for depriving Plaintiff of a mattress.

## Count 1

"[P]risons must provide inmates with 'the minimal civilized measure of life's necessities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Seventh Circuit has interpreted this general statement as a requirement that prisons provide inmates with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Id.* The allegations in the Complaint, while marginally adequate, are sufficient to proceed on the claim in Count 1 against John Doe.

## Count 2

As an initial matter, the mattress is the property of IDOC, not Plaintiff, which would defeat any property deprivation claim. Further, if the state provides an adequate remedy for the deprivation of property, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). For these reasons, Count 2 will be dismissed with prejudice.

## Identification of Doe Defendant

3

Anthony Wills, Warden of Menard Correctional Center, will be added as a defendant, in his official capacity only, for purposes of responding to discovery aimed at identifying the Doe defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned. Once the name of the Doe Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows:

The injunctive relief and official capacity claims are **DISMISSED with prejudice**.

Count 1 will proceed against John Doe but Count 2 is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to **ADD** Anthony Wills, Warden of Menard Correctional Center (official capacity) to the docket for purposes of responding to discovery aimed at identifying the Doe defendant.

The Clerk of Court shall prepare for Anthony Wills, Warden of Menard Correctional Center (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendant until such time as Plaintiff has identified that individual by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.  Because the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:**  November 18, 2021

_____
David W. Dugan
United States District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.